FILED
JAN 28 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Alejandro Barberena and
Victoria Del Socorro Barberena,

    Debtors.

Case No. 08-14946-B-13

DC No. HDN-3

### MEMORANDUM DECISION REGARDING DEBTORS' MOTION TO CONFIRM FIRST MODIFIED CHAPTER 13 PLAN

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Henry D. Nunez, Esq., appeared on behalf of the debtors, Alejandro Barberena and Victoria Del Socorro Barberena (the "Debtors").

Michael H. Meyer, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Joseph Lewis Horswill, Esq., appeared for the objecting secured creditor, Kaweah Financial Group ("Kaweah Financial").

    This matter comes before the court on the Debtors' motion to confirm a first modified chapter 13 plan (the "Plan"). Kaweah Financial objects to confirmation (the "Objection") on the grounds, *inter alia*, that 1) the Plan is not feasible, 2) the treatment of its class 2 claim secured by deeds of trust against the Debtors' residence (the "Residence") and a vacant lot, is impermissible, and 3) for the secured claims listed in class 3, it is entitled to share in the dividend to unsecured creditors for any deficiency remaining after surrender of the collateral. For the reasons set forth below, confirmation of the Plan will be denied.

This memorandum contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052). The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 1307 and 1325[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

**Background and Findings of Fact.**

The Debtors filed their chapter 13 petition on August 15, 2008. Schedule A lists seven parcels of real property with a combined value of $828,000. The Debtors valued their Residence on South S. Street at $120,000, and listed encumbrances of: 1) a first deed of trust in favor of Danny Moya securing a debt of $20,247,[2] and 2) a second deed of trust in favor of Kaweah Financial securing a promissory note for $100,000.[3]

The six other parcels of real property include a vacant lot on West Kaweah, valued at $89,000. The West Kaweah property, and the Residence are security for the above-referenced promissory note to Kaweah Financial. Under the terms of that promissory note, the Debtors were obligated to make interest-only payments at 12%, or $1,000 per month, from May 1, 2006, to April 1, 2007, when the balance of the principal and interest became due and payable. Kaweah Financial recorded a notice of default against the Residence on May 6, 2008.

The Debtor is employed by WB Construction and the co-Debtor earns income

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] Moya's claim is listed in class 4, to be paid $355 per month outside the Plan.

[3] Kaweah Financial states in its Objection that the secured claim, with interest, is now $117,569.56. As of this date, Kaweah Financial has not filed a proof of claim.

from child care. The joint Debtors' combined average monthly income is $1,675. Debtors' expenses include a $355 payment to service the first trust deed on the Residence, $90 for utilities, $400 for food, and other expenses, for a total of $1,475, leaving Debtors with $200 a month of "disposable income" to fund their Plan.

The Plan has a 36-month commitment period and proposes to pay a 5% dividend to unsecured creditors. The schedules list unsecured nonpriority debts in the amount of $136,459. The Plan provides for monthly payments to the Trustee of $200. Debtors have placed the debt to Kaweah Financial secured by the Residence and the West Kaweah property in class 2. The Plan provides for 10% interest accrual on the secured claim, but will only pay a dividend to Kaweah Financial of $100 per month. The Debtors propose to fund the Plan by selling the West Kaweah property for at least $80,000 within 12 months. The Plan also requires a refinance of the remaining debt against the Residence within 24 months after confirmation. Section 7 of the Plan provides that if the West Kaweah property is not sold within 12 months, or the Residence is not refinanced within 24 months, the case will be automatically dismissed.

**Kaweah Financial's Objection.**

Kaweah Financial objects to the proposed treatment of its class 2 secured claim.[4] The Plan reduces the interest rate on the claim from 12% to 10%, and provides for a monthly dividend of $100, instead of $1,000 which was the regular contractual payment

---

[4] Kaweah Financial also holds promissory notes secured by trust deeds for every parcel of real property owned by the Debtors. The Debtors classified the claims secured by all other properties, except the property on Ohio Street, in class 3 with the properties to be surrendered upon the confirmation of the Plan. They estimate deficiencies of $58,423 on the Chittenden property and $29,054 on the 6th Street property. Kaweah Financial objects to the treatment of its class 3 claims as surrendered in "full satisfaction," however, this only applies to Kaweah Financial's "secured claim," whatever that turns out to be after the collateral is liquidated. Kaweah Financial's right to recourse for a deficiency is determined by California law. *Wells Fargo Financial Acceptance v. Rodriguez (In re Rodriguez)*, 375 B.R. 535, 545 (9th Cir. BAP 2007). The surrender of these properties in class 3 alone will not deprive Kaweah Financial of the right to file a proof of claim and subsequently participate in the distribution to unsecured creditors. It is not clear why the Ohio Street property is not provided for in the Plan.

on the promissory note before it matured in April 2007.

Kaweah Financial contends that the Plan is too speculative in that the Debtors' performance is conditioned upon their ability to sell the West Kaweah property within 12 months and to refinance the Residence within 24 months. Kaweah Financial contends that the Debtors have not shown either the ability, or a reasonable likelihood of doing either. Kaweah Financial argues "This is merely a disguised plan to remain in the residence for two years at virtually no cost and have the ability to walk away from the obligation two years later."

Kaweah Financial also contends that the Plan is not feasible. The Debtors' schedule J shows that the Debtors have only $200 per month of disposable income with which to fund the Plan and schedule J includes no provision for the payment of real property taxes on Kaweah Financial's collateral, or repairs and maintenance of the Residence. Kaweah Financial also contends that the Debtors have underestimated the expenses for homeowners insurance, auto insurance, utilities and transportation costs. Finally, Kaweah Financial contends that the Debtors' Plan was not filed in good faith.

**Analysis and Conclusions of Law.**

Because Kaweah Financial's claim is not secured *only* by the Residence, but also by the West Kaweah property, the Plan may modify the rights of Kaweah Financial under § 1322(b)(2).[5] A chapter 13 plan may be partially funded through the sale of property pursuant to § 1322(b)(8), however, issues of good faith, feasibility, and adequate protection arise when a debtor's plan proposes to make only token monthly payments to the secured creditor. *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho1995). When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity

---

[5]Section 1322(b)(2) provides: "(b) [T]he plan may– (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ."

4

cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *Id.*, quoting *In re Newton*, 161 B.R. 207, 217-18.

    The court is not persuaded that the Plan is feasible. Under § 1325(a)(6), confirmation of a plan requires that "the debtor will be able to make all payments under the plan and to comply with the plan." Here, the Debtors have produced no evidence addressing the *Lindsey* factors and the court agrees with Kaweah Financial, that the Plan is too speculative. There is no evidence, other than the schedules, as to the fair market value of either the Residence or the West Kaweah property. There is no evidence, other than the Debtors' bare opinion of value, to show what either property could actually produce through a sale or refinance. Even if the West Kaweah property could be sold for its suggested value of $80,000 less selling costs, the mere fact that the Debtors can only afford to pay $100 per month to service Kaweah Financial's claim belies any notion that they could qualify to refinance the remaining debt.

    In the case, *In re Gavia*, 24 B.R. 216 (Bankr.E.D.Cal.1982), aff'd, 24 B.R. 573 (9th Cir. BAP 1982), the court rejected a plan which proposed to liquidate property within six months after confirmation. In *Gavia*, the debtors proposed to make no payments during the six months. Among the reasons for the court's denial of confirmation were, the absence of on-going contractual payments to the secured creditors, and the court's finding that, "The possible liquidation of the debtor's home for the hoped-for sale price within a specified time in a depressed market *would not convince a reasonable person that the debtor will be able to comply with his plan.*" *Id.* at 218, emphasis added.

    The court is also not persuaded that the Plan provides adequate protection for Kaweah Financial's secured claim. The Debtors do not have the apparent financial means to maintain the property taxes and insurance on Kaweah Financial's collateral and the Plan (at $100 per month) does not even fund the proposed 10% interest which will accrue on the secured claim while Kaweah Financial is forced to wait for the property to sell. In the case, *In re Porter*, 370 B.R. 891 (Bankr.M.D.Pa. 2007), the debtors were

unable to refinance their construction loan, which had matured prior to the bankruptcy, with traditional financing. The debtors filed a plan which proposed interest-only payments for four years and a sale or refinance of the home at the end of the plan. That court noted the requirement of good faith under 1325(a)(3) and found that the debtors' plan provided "no benefit to the secured creditor except the expectancy that sometime within the next four years it may see a return on its financial advancement." *Id.* at 893. "Plans offering to liquidate an asset well into the future have been rejected as imposing an unreasonable delay on creditors." *Id.*, citation omitted.

The *Gavia* court also addressed the issue of adequate protection and cited the legislative history of § 361, saying, "secured creditors should not be deprived of the benefit of their bargain." *In re Gavia,* at 217. In the case at hand, the Plan provides only token payment ($100 per month) more than $117,000 claim and restrains Kaweah Financial from exercising any rights against its collateral for at least a year with no assurance that it will ever get anything but the opportunity to pursue its remedies at a much later date.

The case, *In re Dunn*, 2009 WL 87086 (Bankr.W.D.Wash., Jan. 9, 2009), illustrates an instance where a plan may be confirmed which does not provide for ongoing payments to a secured creditor. In that case, the bank objected to plan confirmation arguing that the plan impermissibly modified its claim secured only by the debtors' home. Notably, the bank did not question the feasibility of the plan or the good faith of the debtors. The bank moved for adequate protection because it was not receiving payments on its claim. The debtors filed a modified plan which provided that the house would be sold within five months of filing the amended plan and stipulated to immediate relief from stay upon request so long as no foreclosure sale occurred before that date. The court noted:

/ / /

/ / /

/ / /

6

> Notwithstanding *In re Proudfoot*, 144 B.R. 876 (9th Cir.BAP 1992) and *In re Gavia*, 24 B.R. 573 (9th Cir.BAP 1992), bankruptcy judges in this district have approved chapter 13 plans which do not require payments to home mortgage (or deed of trust) creditors when the plans: (1) grant the mortgage creditor relief from stay immediately, (2) specify a date, not significantly beyond the date the creditor could otherwise conduct a foreclosure sale, by which the debtor must sell the property, or there is an equity cushion or other adequate protection sufficient to protect the creditor beyond that date, (3) provide that the debtor will enter into a stipulated order for relief from stay at the creditor's request; and (4) include a provision that in any conflict between the plan and a stipulated order for relief from stay, the stipulation controls.
> *Id.* at 1.

The court noted in *Dunn* that the debtor's plan met those requirements and confirmed the plan over the bank's objection. In the case at hand, the Debtors contend, based on their schedules, that there is a significant equity cushion to protect Kaweah Financial's secured claim. However, the Debtors offer no evidence, other than their schedules to support any valuation of the collateral. The court agrees with Kaweah Financial's argument that this Plan just gives the Debtors virtually free access to their property for up to two years with no assurance that Kaweah Financial will receive anything after that time but the opportunity to exercise its remedies, or possibly face another bankruptcy petition by the Debtors. The proposed Plan shifts all of the risk of calamity or failure to Kaweah Financial and it cannot be confirmed.

**Conclusion.**

Based on the foregoing, the court is not persuaded that the proposed Plan is feasible, that it adequately protects Kaweah Financial's secured claim, and that it was filed in good faith. Accordingly, the court finds and concludes that the Debtors have not sustained their burden of proof to show that the proposed chapter 13 Plan meets the confirmation requirements of §§ 1325(a)(3) & (6). Kaweah Financial's Objection to confirmation will be sustained.

Dated: January 28, 2009

W. Richard Lee
United States Bankruptcy Judge